Case No.  **CV 18-3068-RGK (JPR)**                              Date: **September 6, 2018**
Title:  **Johnie Edward, Jr. v. Dep't of Child Support Servs. et al.**
================================================================
**DOCKET ENTRY: Order to Show Cause re Service**
================================================================
PRESENT:

         **HON. JEAN P. ROSENBLUTH, MAGISTRATE JUDGE**

    Bea Martinez                           n/a
    Deputy Clerk                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                               None present

**PROCEEDINGS: (IN CHAMBERS)**

     On April 12, 2018, Plaintiff filed a paid Complaint raising claims under 42 U.S.C. § 1983, among others, apparently against both the County of Los Angeles and its Department of Child Support Services.  On April 16, the Court ordered Plaintiff to serve the Complaint within the 90 days allotted by Federal Rule of Civil Procedure 4(m) or risk having it dismissed.  On July 16, Plaintiff filed a proof of service, purporting to have served the Department of Child Support Services as well as, in another place on the form, "Los Angeles County/Department of Child Support Services."

     On August 6, the Defendant agency filed notice that Plaintiff's service upon it was ineffective because he did not serve "notices of acknowledgment and receipt" or an "envelope for return with postage prepaid."  (Def.'s Notice at 2.)  The agency stated that "Plaintiff may re-serve with the two notices of acknowledgment and receipt and envelope with postage prepaid" or "[a]lternatively, Plaintiff may send a waiver of service, which will be promptly returned."  (Id.)  As far as the Court knows, Plaintiff has not responded in any way to the Defendant agency's filing.

     Federal Rule of Civil Procedure 4(j)(2) provides that a state or local-government entity may be served in one of two ways: by delivering copies of the required documents to the "chief executive officer" or by serving a copy of them "in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.     **CV 18-3068-RGK (JPR)**                             September 6, 2018
             **Johnie Edward, Jr. v. Dep't of Child Support Servs. et al.**     Page 2

------------------------------------------------------------

the manner prescribed by that state's law for serving a summons or like process on such a defendant." Plaintiff clearly did not comply with the first provision because he purports to have served the complaint at a P.O. Box. (See Proof Service Summons at 1.) And although he checked the box on the proof-of-service form indicating that he did include the documents the Defendant agency claims were missing (see id. at 2) — which are required by California Code of Civil Procedure section 415.30(a) — no one signed the proof of service and it therefore is deficient and does not constitute proof of anything.

No later than 14 days from the date of this order, Plaintiff must show cause in writing why this lawsuit should not be dismissed for failure to adequately serve the Defendant agency and failure to serve the County of Los Angeles at all.[1] Defendants may file and serve a response to Plaintiff's filing no later than seven days after filing and service of it. The matter will then stand submitted for decision. Plaintiff is warned that if he fails to timely respond to this OSC, his lawsuit may be dismissed for that reason alone.[2]

---

[1] It is not clear that Plaintiff should separately sue both Defendants. See Hucul v. Cnty. of San Diego, No. 17-CV-1531 JLS (MDD), 2018 WL 1156590, at *1 (S.D. Cal. Mar. 5, 2018) (dismissing civil-rights action in which County and its Department of Child Support Services were separately sued and implying that only County needed to be named as Defendant), appeal docketed, No. 18-55354 (9th Cir. Mar. 19, 2018).

[2] Plaintiff's lawsuit appears to be frivolous, not least because it may well be barred by the Rooker-Feldman doctrine, and subject to dismissal for that reason as well. See generally Hucul, 2018 WL 1156590; (see also Compl. ¶ 38 (asking in prayer for relief that orders in certain state-court cases be "terminate[d] effective immediately")).