**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNIE EDWARD, JR., <br><br> Plaintiff, <br><br> v. <br><br> DEP'T OF CHILD SUPPORT SERVS. et al., <br><br> Defendants. | ) Case No. CV 18-3068-RGK (JPR) <br> ) <br> ) <br> ) ORDER DISMISSING ACTION FOR <br> ) FAILURE TO TIMELY AND PROPERLY <br> ) SERVE COMPLAINT AND FAILURE TO <br> ) PROSECUTE <br> ) <br> ) <br> ) |

On April 12, 2018, Plaintiff filed a paid Complaint raising claims under 42 U.S.C. § 1983, among others, apparently against both the County of Los Angeles and its Department of Child Support Services. On April 16, the Court ordered Plaintiff to serve the Complaint within the 90 days allotted by Federal Rule of Civil Procedure 4(m) or risk having it dismissed. On July 16, Plaintiff filed an unsigned proof of service, purporting to have served the Department of Child Support Services as well as, in another place on the form, "Los Angeles County/Department of Child Support Services."

On August 6, the Defendant agency filed notice that Plaintiff's service upon it was ineffective because he did not serve "notices of acknowledgment and receipt" or an "envelope for

1

return with postage prepaid." (Def.'s Notice at 2.)  The agency stated that "Plaintiff may re-serve with the two notices of acknowledgment and receipt and envelope with postage prepaid" or "[a]lternatively, Plaintiff may send a waiver of service, which will be promptly returned."  (Id.)

On September 6, the Magistrate Judge ordered Plaintiff to show cause in writing why the Complaint (and this action) should not be dismissed for failure to properly serve either named Defendant.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  The Magistrate Judge explained to Plaintiff the deficiencies in his service, and she had previously notified him that help was available from one of the district's pro se clinics. Nonetheless, Plaintiff has not timely responded to the OSC in any way, and the Court has before it no evidence that he ever corrected his deficient service on the Defendant agency or separately served Los Angeles County.  The Magistrate Judge warned Plaintiff that if he failed to respond to the OSC, "his lawsuit may be dismissed for that reason alone."

Indeed, Plaintiff's failure to respond to the Court's orders brings this case within the purview of Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988), which examined when it is appropriate to dismiss a lawsuit for failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to do so, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his apparent failure to correct his deficient service. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as Plaintiff has ceased communicating with the Court. Although the fourth Carey factor weighs against dismissal – as it does in every case – together, the other factors outweigh the public's interest in disposing of the case on its merits. Moreover, as the Magistrate Judge noted in the OSC, the Complaint appears to be frivolous, diminishing the importance of having this case heard on its merits.

A pro se litigant must follow the rules of procedure as surely as an attorney. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa Cnty., 693 F.3d 896, 925-28 (9th Cir. 2012) (en banc). Rule

4(m)'s time limit for service is "intended to force parties . . . to be diligent in prosecuting their causes of action." <u>Wei v. Hawaii</u>, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam) (dismissing claim for failure to serve process even though it thereby became time barred). Plaintiff has not been diligent in prosecuting this case.

It therefore is ORDERED that this action is dismissed without prejudice under the Court's inherent power to achieve the orderly and expeditious disposition of cases and because Plaintiff has without explanation failed to timely and properly serve the Complaint.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 28, 2018

_____
R. GARY KLAUSNER
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge